**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **EVERY PENNY COUNTS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 8:11-cv-02826-SDM-TBM** |
| ) | |
| **WELLS FARGO BANK, N.A.,** ) | |
| **f/k/a Wachovia Bank, N.A.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR RECONSIDERATION OF DENIAL OF PARTIAL SUMMARY**
**JUDGMENT OF INVALIDITY FOR INDEFINITENESS (DKT. 95)**

## INTRODUCTION

Last month, the Supreme Court changed and clarified the test for determining invalidity for indefiniteness under 35 U.S.C. §112, ¶ 2.[1]  In doing so, the Supreme Court cited this Court's opinion denying Wells Fargo's motion for partial summary judgment of invalidity for indefiniteness (Dkt. 95) as an example of how the Federal Circuit's prior tests can cause confusion.[2]

Application of the Supreme Court's *Nautilus* test shows that claims of Plaintiff's patents are clearly invalid.  Defendant Wells Fargo Bank, N.A. thus respectfully asks the Court to reconsider its Order denying Wells Fargo's Motion for Partial Summary Judgment of Invalidity of Claims 1 and 2 of U.S. Patent No. 8,025,217 ("the '217 patent") and Claims 4 and 6 of U.S. Patent No. 7,571,849 ("the '849 patent") for indefiniteness under 35 U.S.C. § 112, paragraph 2.[3]  "In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision."[4]  After this Court denied summary judgment, the Supreme Court set a new test for indefiniteness and cited this Court's decision.[5]  This new test is a strongly convincing change in law.

The new test—which requires a claim to "inform, with reasonable certainty, those skilled in the art about the scope of the invention"—sets a higher requirement of definiteness

---

[1] *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120 (2014).

[2] *Id.* at 2130, n. 8 ("finding that 'the account,' as used in claim, 'lacks definiteness,' because it might mean several different things and 'no informed and confident choice is available among the contending definitions,' but that 'the extent of the indefiniteness . . . falls far short of the 'insoluble ambiguity' required to invalidate the claim'") (citing Order Den. Summ. J., Dkt. 95, Mar. 5, 2014).

[3] Order Den. Summ. J., Dkt. 95, Mar. 5, 2014.

[4] *Furmanite Am., Inc., v. TD Williamson, Inc.*, No. 6:06-cv-641-Orl-19JGG (M.D. Fla. Apr. 30, 2007) (order denying motion for reconsideration at 3-4) (citation omitted).

[5] *Nautilus*, 134 S.Ct. at 2130, n. 8

for a claim than the old tests, including the old test used by the Court in denying the motion originally, the "insolubly ambiguous" test.[6]   Under the new test, over half of the patent claims the plaintiff asserts—including all of the asserted claims in one of the two patents at issue—are invalid as a matter of law.

## LEGAL STANDARDS

A "district court[] ha[s] the power to reconsider, revise, alter, or amend its summary judgment order prior to entering the final judgment."[7]   The Federal Circuit and this district have held that there are "three primary grounds that justify reconsideration []: '(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'"[8]   The first is present here.

On June 2, 2014, about three months after this Court's decision denying Defendant's Motion for Summary Judgment of Invalidity,[9] the Supreme Court issued its decision in *Nautilus, Inc. v. Biosig Instruments, Inc.,* changing the test for indefiniteness under 35 U.S.C. §112, ¶ 2.[10]   The *Nautilus* Court found that the previous standard, which required a determination of whether a term was "amenable to construction" or "insolubly ambiguous," bred "lower court confusion" and "lack[ed] the precision that §112, ¶ 2 demands."[11]   The

---

[6] *Id.* at 2124.
[7] *Fortran Grp. Int'l. v. Tenet Hosps. Ltd.*, 543 Fed. App'x. 934, 936 (11th Cir. 2013) (citing *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1231 (11th Cir. 2010) and *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995).
[8] *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (quoting *Degirmenci v. Sapphire–Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009) (quotation marks and citation omitted)).  *See also Stalley v. ADS Alliance Data Sys., Inc.*, 296 F.R.D. 670, 687 (M.D. Fla. 2013); *Wi-Lan Inc. v. HTC Corp.*, 951 F. Supp. 2d 1291(M.D. Fla. 2013).
[9] Order Den. Summ. J., Dkt. 95, Mar. 5, 2014.
[10] 134 S.Ct. 2120 (2014).
[11] *Id.* at 2130.

Supreme Court found that the previous standard "tolerates some ambiguous claims but not others, [which] does not satisfy the statute's definiteness requirement."[12]

To remedy these problems, the Supreme Court decided "[i]n place of the 'insolubly ambiguous' standard, we hold that a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention."[13]  This new standard replaced the Federal Circuit's old standard, which tolerated some ambiguous claims.[14]  Many commentators agree that the new standard sets a lower bar for showing indefiniteness.[15]  Indeed, the Supreme Court explained that "patent applicants face powerful incentives to inject ambiguity into their claims"[16] and found "[e]liminating that temptation is in order."[17]  Thus, the intent of this new standard is to eliminate not just "insolubly ambiguous" claims but ambiguous claims as well.  In easing the requirement to show indefiniteness the *Nautilus* decision made clear that the "presumption of validity does not

---

[12] *Id.* at 2124.

[13] *Id.*

[14] *See id.*

[15] *See, e.g.*, Ryan Davis, *High Court Clears Way For More Challenges To Vague Patents*, Law360, Jun. 2, 2014 *available at* http://www.law360.com/articles/538916/high-court-clears-way-for-more-challenges-to-vague-patents?article_related_content=1 ("The U.S. Supreme Court on Monday gave powerful ammunition to companies seeking to invalidate patents for being overly vague, unanimously casting aside a Federal Circuit standard for proving that a patent is indefinite that the justices said allowed too much ambiguity in patents."); Paul D. Ackerman and Jeff C. Dodd, *Nautilus v. Biosig The Supreme Court Raises the Bar for Patent Clarity*, Andrews Kurth Press Room, Jun. 3, 2014 *available at* http://www.andrewskurth.com/pressroom-publications-1094.html ("The language of the Court's new standard for indefiniteness—i.e, 'reasonable certainty…about the scope of the invention'—will be an easier standard for those challenging the validity of a patent to satisfy than the 'insoluably ambiguous' standard."); Elaine Herrmann Blais, Peter J. Wied, *In Nautilus, Supreme Court Relaxes Standard for Finding Patents Invalid for Indefiniteness*, Goodwin Proctor Intellectual Propert Alert, Jun. 11, 2014 *available at* http://www.goodwinprocter.com/Publications/Newsletters/IP-Alert/2014/0610_In-Nautilus_Supreme-Court-Relaxes-Standard-for-Finding-Patents-Invalid-for-Indefiniteness.aspx.

[16] *Nautilus*, 134 S.Ct. at 2129.

[17] *Id.*

alter the degree of clarity that §112, ¶ 2 demands from patent applicants; to the contrary, it incorporates that definiteness requirement by reference."[18]

## ARGUMENT

I. **THE COURT'S FINDING THAT "AS USED IN CLAIMS 1 AND 2, THE PHRASE 'THE ACCOUNT' LACKS DEFINITENESS"[19] IS CORRECT AND BOTH CLAIMS ARE INVALID UNDER THE *NAUTILUS* STANDARD.**

The Court provided a detailed analysis of the potential meanings of "the account."[20] As the Court found, "'the account' might mean 'the customer account,' 'the provider account,' or 'the accounts,' or otherwise; no informed and confident choice is available among the contending definitions."[21] Such analysis of the claim language is not impacted by the *Nautilus* standard.

The new *Nautilus* standard impacts the Court's conclusion. The Court considered whether the claims were "insolubly ambiguous" and came to the conclusion that "the extent of the indefiniteness in the term 'the account' is inconsequential and falls far short of the 'insoluble ambiguity' required to invalidate the claim."[22] Under *Nautilus*, the Court should instead determine whether the challenged "claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention."[23] *Nautilus* made clear that the new test will render claims that passed the "insolubly ambiguous" test indefinite under 35 U.S.C.

---

[18] *Id*. at 2131, n. 10.
[19] Order Den. Summ. J., Dkt. 95, *8, Mar. 5, 2014.
[20] Order Den. Summ. J., Dkt. 95, *4-9, Mar. 5, 2014.
[21] Order Den. Summ. J., Dkt. 95, *8-9, Mar. 5, 2014.
[22] Order Den. Summ. J., Dkt. 95, *10, Mar. 5, 2014.
[23] *Nautilus*, 134 S.Ct. at 2124

§112, ¶ 2, because the old test "tolerates some ambiguous claims but not others, [and thus] does not satisfy the statute's definiteness requirement."[24]

Under this new standard, the term "the account," is indefinite.  As Wells Fargo argued,[25] and this Court found, "the account" has several possible definitions.[26]  Thus, the term does not inform "with reasonable certainty" the scope of the claim.  Indeed, the Patent Trial and Appeal Board issued a decision applying *Nautilus* and finding that a term is indefinite "because it is susceptible to more than one plausible construction."[27]  "The account" has several possible definitions in light of the claim and the specification.  Thus, under the *Nautilus* standard, "the account" is indefinite, and the Court should find claims 1 and 2 of the '217 Patent invalid.   Wells Fargo respectfully requests that the Court reconsider its Order Denying Summary Judgment and find that claims 1 and 2 of the '217 Patent are invalid for indefiniteness under the *Nautilus* standard.

## II.   "THE MANAGED INSTITUTION" AS USED IN THE CLAIMS IS INDEFINITE UNDER *NAUTILUS*.

Under the new test, "the managed institution" as used in claim 1 of the '217 patent, is indefinite.   The Court analyzed the phrase "the managed institution" and found that (1) neither of the two uses of the term in the patent "includes an explanation of the term and (2) EPC's proposed construction (a) is contrary to how the term is "logically, grammatically, and typically understood," (b) is "extraordinarily awkward and unnatural," and (c) "strains mightily under the designation 'the managed institution.'"[28]  Using the old standard, the

---

[24] *Id.* at 2124, 2130 ("It cannot be sufficient that a court can ascribe some meaning to a patent's claims . . . .")
[25] Motion Summ. J., Dkt. 60, *8, Apr. 12, 2013.
[26] Order Den. Summ. J., Dkt. 95, *8-9, Mar. 5, 2014.
[27] Ex. A, *Ex parte David S. Breed*, Appeal No. 2012-003990, 2014 WL 2536964 at *3 (P.T.A.B. 2014).
[28] Order Den. Summ. J., Dkt. 95, *12-13, Mar. 5, 2014.

Court found that the claim is not 'insolubly ambiguous' and remains amenable to claim construction."[29]   Under the new standard, though, a term that (a) is contrary to logic, grammar, and typical understanding, (b) is "extraordinarily awkward and unnatural," and (c) "strains mightily under the designation" is a term that does not provide "reasonable certainty" as to the meaning of the term.   Thus, under *Nautilus*, the claims using such a term are invalid.   Also, the Court indicated that the claim and specification together permit only "adequate" understanding of the phrase at issue.[30]   Permitting adequate understanding does not meet the new "reasonable certainty" standard of *Nautilus*.   The claims, read in light of the specification, do not provide "reasonable certainty" about the particular meaning of "the managed institution" for the reasons described in Wells Fargo's original briefing.[31]   Wells Fargo respectfully requests that the Court reconsider its Order Denying Summary Judgment and find that claims 1 and 2[32] of the '217 Patent are invalid for indefiniteness under the *Nautilus* standard.

## III.   "TOTAL ROUNDER AMOUNT" AS USED IN CLAIMS 4 AND 6 OF THE '849 PATENT IS INDEFINITE UNDER *NAUTILUS*.

The Court analyzed the phrase "total rounder amount" under the standard existing at the time (insolubly ambiguous).[33]   Under the new standard, the inquiry is whether the phrase "total rounder amount," when "read in light of the specification delineating the patent, and the prosecution history, fail[s] to inform, with reasonable certainty, those skilled in the art

---

[29] Order Den. Summ. J., Dkt. 95, *15, Mar. 5, 2014.
[30] Order Den. Summ. J., Dkt. 95, *15, Mar. 5, 2014.
[31] Motion Summ. J., Dkt. 60, *8, Apr. 12, 2013.
[32] *See* Motion Summ. J., Dkt. 60, n. 21, Apr. 12, 2013.   Claim 2 is dependent on claim 1 and is thus invalid for the same reasons claim 1 is invalid.
[33] Motion Summ. J., Dkt. 60, *16, Apr. 12, 2013.

about the scope of the invention."[34]   "Reasonable certainty" is not present here.  The term "total rounder amount" does not appear in the specification.  The term is not a term of art.  Indeed, in a search of the over 2.4 million patents issued since 1976, the term "total rounder amount" appears in only two patents, EPC's patents.[35]   The prosecution history does not define the term.  The patent fails to provide any explanation for how the "total rounder amount" should be calculated.  The claims do not explain to what the phrase refers.  The phrase is susceptible to multiple definitions.[36]

When analyzing "total rounder amount" under the old standard, the Court found the term implies one of the possible definitions,[37] but implying a definition among other possibilities does not meet the new standard of "reasonable certainty."[38]  As the term is not a term of art, it is susceptible to multiple definitions, and there is no explanation in the specification, there is no "reasonable certainty" as to the meaning of the total rounder amount.  Thus, it fails the new *Nautilus* standard.  Wells Fargo respectfully requests that the Court reconsider its Order Denying Summary Judgment and find that claims 4 and 6 of the '849 Patent are invalid for indefiniteness under the *Nautilus* standard.

## CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests the Court reconsider its Order denying Wells Fargo's Motion for Partial Summary Judgment of Invalidity under 35 U.S.C. § 112, ¶ 2, and grant Wells Fargo's motion.

---

[34] *Nautilus,* 134 S.Ct. at 2124.
[35] Motion Summ. J., Dkt. 60, Ex. D, Apr. 12, 2013,   The term "total rounder amount" also appears in three published patent applications, all of which also name Bertram V. Burke as an inventor, and one of which is the application that led to the '849 patent.
[36] Motion Summ. J., Dkt. 60, *12, Apr. 12, 2013.
[37] Order Den. Summ. J., Dkt. 95, *16, Mar. 5, 2014.
[38] *Nautilus,* 134 S.Ct. at 2124.

Respectfully submitted this the 17th day of July, 2014.

/s/ Steven Gardner

Steven Gardner (*pro hac vice*)

Michael T. Morlock (*pro hac vice*)
Kilpatrick Townsend & Stockton LLP
1001 West Fourth St.
Winston-Salem, NC 27101
(336) 607-7300 (Telephone)
(336) 607-7500 (Facsimile)
SGardner@kilpatricktownsend.com
MMorlock@kilpatricktownsend.com

Frederick L. Whitmer (*pro hac vice*)
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
(212) 775-8700 (Telephone)
(212) 775-8800 (Facsimile)
FWhitmer@kilpatricktownsend.com

*and*

Charles M. Harris (FBN 0967459)
**Trial Counsel**
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill
& Mullis
101 East Kennedy Blvd
Suite 2700
P.O. Box 1102
Tampa, FL 33602
(813) 223-7474 (Telephone)
(813) 229-6553 (Facsimile)
charris@trenam.com

*Attorneys for Defendant*
*WELLS FARGO BANK, N.A.*

**3.01(g) CERTIFICATION**

The undersigned hereby certifies that opposing counsel, Frank R. Jakes, was contacted in good faith to determine whether Plaintiff supports or opposes the requested relief.  Plaintiff Every Penny Counts, Inc. does not consent to the relief requested in this Motion.

Respectfully submitted this the 17th day of July, 2014.

By:  /s/  Steven Gardner

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2014, the foregoing document was served via ECF on

the following counsel of record:

> Frank R. Jakes
> Joseph J. Weissman
> **JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP**
> 403 E. Madison Street
> Tampa, FL 33602
> frankj@jpfirm.com
> josephw@jpfirm.com

> /s/ Steven Gardner
> Steven Gardner (*pro hac vice*)