UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVERY PENNY COUNTS, INC.,

    Plaintiff,

v.                                            Case No.: 8:11-cv-02826-SDM-TBM

WELLS FARGO BANK, N.A.,
f/k/a Wachovia Bank, N.A.,

    Defendant.

_____/

**PLAINTIFF EVERY PENNY COUNTS, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MARCH 18, 2014 *MARKMAN* ORDER**

    Plaintiff Every Penny Counts, Inc. ("EPC"), through undersigned counsel, hereby respectfully requests partial reconsideration of the Court's March 18, 2014 *Markman* Order (Doc. 96) as to the Court's construction of the terms "Rounder Amount" and "Determinant" only. *See United States v. DSE, Inc.,* Case No. 8:08-cv-2416, 2011 WL 3421417 at *1 (M.D. Fla. 2011)(Merryday, J.)(one basis for obtaining reconsideration of a court order is "the need to correct clear or manifest injustice").

    For the reasons stated below, the Court's construction of the terms "Rounder Amount" and "Determinant" cannot possibly be correct. The definitions chosen by the Court lead to illogical results inconsistent with the Patents-in-Suit. The definitions also ignore established precedent regarding the construction of claim terms. EPC respectfully requests that the Court reconsider its ruling and define the terms at issue consistent with EPC's proposed constructions, both of which are fully supported by the claims and specifications of the Patents-in-Suit.

1

I.  THE COURT'S CURRENT CLAIM CONSTRUCTION IS FLAWED

In its *Markman* Order, the Court defines "Rounder Amount" and "Determinant" as follows:

| Term | Court's Definition |
|---|---|
| Rounder Amount | The amount of excess funds generated by, first, adding or subtracting the determinant to or from the transaction amount and by, second, subtracting from the sum or the difference the coin amount. |
| Determinant | A number added or subtracted – during the calculation of a rounder amount – to the transaction amount. |

(Order at 19).

These definitions lead to an erroneous result. Utilizing the example used by the Court on page 8 of its *Markman* Order, let us assume a transaction amount of $10.20 (which gives a coin amount of 20¢) and suppose a rounder transaction of rounding up to the nearest dollar.

In accordance with the Court's definition, the first calculation in figuring the Rounder Amount ("[t]he amount of excess funds") is "adding … the determinant to … the transaction amount." The Court makes clear in its *Markman* Order that where the rounder transaction "rounds up to the next dollar, the determinant is $1.00." (Order at 16). Adding the determinant ($1.00) to the transaction amount ($10.20) results in a sum of $11.20.

In accordance with the Court's definition of "Rounder Amount," the second calculation requires "subtract[ing] from the sum … the coin amount." Here, this means subtracting the coin amount (20¢) from the sum ($11.20), which results in a Rounder Amount of $11.00.

Yet, $11.00 cannot possibly be the correct Rounder Amount, *i.e.*, the amount of *excess funds* generated through the transaction. In addition to being illogical, the result is inconsistent with the example provided in the specification of the '849 Patent itself at Column 13, lines 8-11. This part of the specification, which as EPC demonstrates below does describe the preferred embodiment, provides an example of a $10.14 transaction amount and an identical "$1.00 rounder." The specification makes clear in this situation that the "rounder amount of excess funds" is "$0.86," not the $11.00 that would result from the Court's definitions.

It follows that the Court's definitions resulting in an $11.00 Rounder Amount must be incorrect.

## II. NEITHER THE SPECIFICATION NOR CLAIM LANGUAGE LIMITS THE PATENT TO CONVENTIONAL "ROUNDER" FUNCTIONS TO THE EXCLUSION OF AN ADDITUR FUNCTION

In rendering its *Markman* Order regarding "Rounder Amount," the Court rejected as incompatible with the patent the clear language in the specification providing for use of an additur and percentage in calculating the "Rounder Amount." *See* '849 Patent, Col. 13, lns. 1-3 ("[t]he rounder transaction is the numerical function applied against the face amount of the entry itself, i.e., $1.00, $3.00, 2%, or a specific number $1.50 to create excess funds"); *see also* '849 Patent Col. 12, lns. 33-35 ("If the PIN number is correct and thereby qualified, the CC in step 518 lists the rounder number of percentage that is applied to each account entry ($1, $3, 2%, etc.) …").

To reach this conclusion, the Court resolved that: (1) the terms "generating" and "based on" in the relevant claim language precludes the use of an additur function; and (2) the description of the conventional rounder function beginning at '849 Patent, Col. 13, l. 4 and continuing through Col. 17, l. 7 and discussing Figures 9 & 10 is not merely a discussion of the

3

preferred embodiment (or any particular embodiment), but rather an omnibus limitation of the scope of the claims. Neither of these conclusions is supported by the claims or the specification. This is especially true given the resulting disregard of clear language in the specification providing for additur and percentage functions and departure from the governing legal principle that under Federal Circuit precedent "a patent claim term is not limited merely because the embodiments in the specification all contain a particular feature." *C.R. Bard, Inc. v. United States Surgical Corp.,* 388 F.3d 858, 865 (Fed. Cir. 2004); *see also Verizon Services Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1305 (Fed. Cir. 2007)("We normally do not interpret claim terms in a way that excludes disclosed examples in the specification").

### A. The Phrase "Based On" is not Limiting

The Court relied upon the following as its cornerstone for concluding that additur functions are beyond the scope of the '849 Patent's "rounder amounts" despite the language in the specification:

> Each '849-patent claim encompasses a "method for performing a payment transaction, the method comprising … *generating* a rounder amount *based on the transaction amount* and the determinant…"

(Order at 4 (*quoting* '849 Patent, col. 17, ll. 53-54)(Court's emphasis)). According to the Court, an additur could not possibly generate a rounder amount because "the claims establish that a rounder amount is claimed only if 'generat[ed] … based on the transaction amount.'" (Order at 4). The Court explained that in the case of an additur, the rounder amount will always equal the determinant irrespective of the "transaction amount." *Id.*

The Court reads the claim language too narrowly. In so doing, the Court reads completely out of the patent one (additur) of the three means specified in the patent (additur, conventional rounding, percentage) for calculating a Rounder Amount. The specification

4

demonstrates that the subject language is not meant to limit, but instead to subsume, these functions listed in the specification. For example, the specification states that "[t]he system [of the invention] is based on the ability to create excess funds by applying a determinant to the face amount …." ('849 Patent, Col. 11. lns.36-38). The specification states further that "[t]he rounder amount is the amount of excess funds produced by applying the rounder transaction to the entry …." ('849 Patent, Col. 13, lns. 8-10).[1] This application of the determinant to the face amount is the "predetermined calculation to the face amount … [that] create[s] an excess payment." ('849 Patent, Col. 11, lns. 24-26).

This repeated language in the specification regarding the manner in which the system of the invention is to operate must inform the meaning of the claim language. As the Federal Circuit stated in its seminal decision in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005), "[t]he claims, of course, do not stand alone. Rather they are part of a fully integrated written instrument … consisting primarily of a specification that concludes with claims. For this reason, claims must be read in view of the specification, of which they are part." (quotations omitted). Thus, "the specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a dispute term." *Id*.

Thus, the phrase "generating a rounder amount based on the transaction amount and the determinant" cannot properly be read to require that every generation of any rounder amount be dependent on both "the transaction amount and the determinant" separately as opposed to "the transaction amount and the determinant" collectively.[2] In accordance with the specification, the amount of excess funds (the Rounder Amount) is produced by applying the determinant (or

---

[1] As the Court properly concluded, the "face amount" and "entry" are identical. (Order at 8, n.4).

[2] The court's construction employs a period to create the non-existent claim term "generated … based on the transaction amount." (Order at 4). The full and proper claim term reads "generated … based on the transaction amount and the determinant …."

5

rounder transaction) to the face amount (or entry).  This is the manner in which the "rounder amount" is "based on" the transaction amount and the determinant, collectively.  There is simply no requirement that in every instance both the transaction amount and the determinant must each affect the determination of the resulting rounder amount separately.

This result is further supported by the lack of reasonably available alternate claim language to make this clearly intended result more clear.   Stated in another fashion, how was the inventor supposed to describe a claim that encompasses the three numerical functions described in the specification (conventional rounding, percentage and additur) without using language such as that employed in the claims?  If, for example, the inventor had instead chosen "generating a rounder amount by applying the determinant to the face amount," the same issue identified by the Court would result.  In the case of the additur, one could argue there would be no need to apply the determinant to the face amount because the rounder amount would always equal the detriment.  Thus, once again, the additur function could be read completely out of the patent.

Similarly, if the inventor had chosen claim language that envisioned "generating a rounder amount based on the transaction amount **or** the determinant," the same type of analysis utilized by the Court could read conventional rounding and percentage out of the patent.  In both cases, the calculation of the rounder amount would be based on both the transaction amount **and** the determinant.

Finally, if to more clearly specify the inclusion of additur, the inventor had chosen simply to use language "generating a rounder amount based on the determinant" alone, the claim language would omit the necessary reference to the transaction amount.  As stated above, the

6

transaction amount must be considered in calculating the rounder amount both with conventional rounding and use of a percentage.[3]

It follows that EPC's proposed construction of the claims to include an additur is entirely consistent with the language of the claims. Such a result is required by the specification. The two cases cited by the Court in its *Markman* Order with respect to additur (Order at 4) are fully consistent with this result. In *Lacks Indus., Inc. v. McKenzie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1343-44 (Fed. Cir. 2003), the claim construction advanced by the patentee for the term "wheel face outer surface" was inconsistent with both the claim language itself and the specification. The claim language specifically and clearly supported the court's construction in a manner fully consistent with the specification. In contrast, in this case, the Court's *Markman* Order relies on an interpretation of grammar that is inconsistent with the specification.

In *Johnson & Johnston Associates Inc. v. R.E. Serv. Co., Inc.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002), there was no question that the patentee had disclosed but declined to claim the use of steel substrates joined by copper foil sheets. The case dealt with the doctrine of equivalents, and more specifically, whether the doctrine of equivalents could be used to find infringement where the patentee itself had clearly declined to claim the subject matter. In contrast, in this case, the patentee claimed all disclosed functions described in the specification (conventional rounding, percentage and additur) through the same claim language.

Further evidence that the Court's rejection of additur is flawed exists in the permutations of determinant and face amount that the Court accepts. Where the determinant (a/k/a "predetermined calculation," '849 Patent, col. 11, l. 24, or "the numerical function," '849 Patent,

---

[3] Though it could be argued that acceptable claim language might include "generating a rounder amount based on the transaction amount **and/or** the determinant," the term "and/or" is not a one that appears generally in patent claims. Nor, should such awkward terminology be required to interpret the claim language in the manner clearly called for in the specification.

col. 13, l. 1) is a conventional rounder – say rounding up to the nearest dollar – the entire transaction amount is not actually in fact considered. All that is considered is the "coin amount" (or amount of cents) that is deducted from the whole dollar amount, $1.00, $5.00, $10.00, etc. to create the "rounder amount." Thus, it does not matter if the transaction amount is $11.20, $15.20 or $2,315.20. In each occasion, the only portion of the transaction amount that matters is the coin amount, which will properly result in a Rounder Amount of 80¢ of excess funds. If the claims only covered conventional rounding – as the Court concludes – the claims would read "generating a rounder amount based on the transaction amount and the coin amount."

Moreover, where the transaction amount includes no cents (the coin amount is zero), the transaction amount is not really used at all; the resulting "rounder amount' equals the determinant. In both these situations, the Court's current analysis could lead to the conclusion that the transaction amount, as opposed to the coin amount in the transaction amount, is not really considered at all. This clearly would be incorrect.

In summary, because the specification explicitly describes "predetermined calculations" or "numerical functions" other than a conventional rounder function (e.g., percentages and additurs), it is improper to limit the scope of the claim in a fashion that disregards definitions supplied by the inventor. The Federal Circuit addressed this rule of claim construction in *Bell Atlantic Network Services, Inc. v. Covad Communications Group, Inc.,* 262 F.3d 1258 (Fed. Cir. 2001). In *Bell Atlantic,* the Federal Circuit recognized the long-standing principle that a patentee may choose to be his own lexicographer and that the "specification acts as a dictionary 'when it expressly defines terms used in the claims *or when it defines terms by implication.*'" *Id.* at 1268 (emphasis added)(*quoting Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed. Cir. 1996)). In the '849 Patent, the patentee expressly described "predetermined calculations" or

"numerical functions" other than a conventional rounder function to be applied against the transaction amount to create the excess funds known as the "rounder amount." Under governing law of claim construction as expressed in *Bell Atlantic,* the patentee's express or implicit definition cannot be properly disregarded. Therefore, this aspect of the Court's conclusion warrants reconsideration.

      **B.**    **The Preferred Embodiments Discussing a Conventional Rounder Function are Not Limiting**

In its *Markman* Order, the Court concluded that the only definition of "rounder amount" in the Patents-in-suit is reflected at Column 13, lines 8-11. Further, the Court concluded that this definition is not limited to a preferred embodiment or any embodiment, but is instead a limiting definition. Based on this reasoning, the Court concluded that definition of "rounder amount" provided at Column 13, lines 8-11 must apply to each and every function permitted by the patent. This finding led the Court to reject the second of the three functions disclosed by the patent (percentage) despite its repeated mention in the specification. (Order at 8).

A review of the specification reveals, however, that the cited portion is explicitly described as a "preferred embodiment." The entire discussion begins with the patentee's statement: "In the preferred embodiment this [referring to the numerical rounder function used to generate the excess funds] will be a whole dollar amount …." '849 Patent, Col. 13, lns. 3-5. The specification then proceeds to describe the preferred embodiment (with a conventional rounder function as the determinant) in the context of Figures 9 & 10.

The Court's reasons for believing that the definition of "rounder amount" in Column 13, lines 8-11 is not limited to a preferred embodiment respectfully do not hold up to scrutiny. First, the Court states that "if a patentee clearly attempts to define a word and the definition is not explicitly limited to a certain embodiment, the definition applies to each embodiment." (Order at

10). The case cited by the Court for this proposition, *Astrazeneca AB, Aktiebolaget Hassle, KBI-E, Inc. v. Mutual Pharmaceutical Co.*, 384 F.3d 1333 (Fed. Cir. 2004), does not support it. In *Astrazeneca*, the patentee expressly differentiated the invention from competitors by criticizing the competitors' use of co-solvents in the specification. Thus, the patentee clearly disavowed co-solvents as part of the claimed invention. It is for this reason that co-solvents were not construed to be within the scope of the invention. In contrast, in the '849 Patent, the patentee did not expressly disavow additur or percentage. To the contrary, the patentee described the use of percentage and additur functions as determinants.

Moreover, the entire discussion from Column 13 line 3 through Column 14 relates to the preferred embodiment of conventional rounding. The Court takes issue with the fact that specific reference to the "preferred embodiment" is made in Column 13, lines 3-5, but not in Column 13, lines 8-11. (Order at 11). The Court also notes that "[n]o other definition – neither the definition of coin amount nor the definition of total withdrawal – is limited to a certain embodiment." (*Id*).

Yet, there is no requirement to repeat that each separate sentence relates to the preferred embodiment when each sentence in the entire section is so related. For example, the definition of "coin amount" that appears in the paragraph immediately after reference to the preferred embodiment (*see* Col. 13. Lns. 6-7) could only relate to the preferred embodiment of conventional rounding. No separate consideration of the "coin amount" could be necessary when the function involves additur or percentage. For the same reasons, it makes no sense to subtract a coin amount to calculate a rounder amount when the determinant involves additur or

percentage. The definition could only apply to the preferred embodiment, *i.e.*, conventional rounding.[4]

The entire example that follows at Column 13, line 16 through Column 17, line 1 is for the preferred embodiment of conventional rounding. Beginning at Column 14, line 10, the description switches to rounder transactions "in regard to deposits of fee income." To further clarify that the patentee is still discussing the preferred embodiment despite, the patentee again makes specific mention of this fact. *See* '849 Patent, Col. 14, lns. 19-20.

The mere fact that the preferred embodiment is the only embodiment specifically discussed at length in the specification does not eliminate other disclosed examples. The Federal Circuit has held that even where all described embodiments utilize a particular feature, it is error to limit the scope of claims by excluding aspects otherwise expressed in the specification. *C.R. Bard, Inc.,* 388 F.3d at 865. Thus, the mere fact that the embodiments described beginning at Column 13, line 3 through Column 17, line 7 all reflect a conventional rounder function does not warrant the disregard of the specification's description of alternative percentage and additur numerical functions.

The patentee provides general definitions of "rounder amount" earlier in the specification. As stated above, the specification provides that "[t]he system [of the invention] is based on the ability to create excess funds [the rounder amount] by applying a determinant to the face amount …." ('849 Patent, Col. 11. lns. 36-38). This application of the determinant to the face amount is the "predetermined calculation to the face amount … [that] create[s] an excess payment." ('849 Patent, Col. 11, lns. 24-26). Later in the specification, but still prior to Column 13, the specification mentions different types of functions through which the rounder amount can

---

[4] The definition of "total withdrawal" is universally applicable as the total withdrawal will always equal the face amount plus the rounder amount. Nevertheless, the definition is included to further illustrate the prefer embodiment.

be calculated: "[T]he [Central Computers] … lists the rounder number or percentage that is applied to each account entry ($1, $3, 2%, etc.) …." ('849 Patent Col. 12, lns. 33-35). By focusing entirely on the single definition of "rounder amount" listed in Colum 13, the Court effectively reads the other definitions out of the Patents-in-Suit.

The Court thus erred in attempting to pigeon-hole the function for percentage (or additur) into the definition of rounder amount that applies to the preferred embodiment. (Order at 11). It is axiomatic in claim construction that a preferred embodiment will not limit the scope of the claims. There is no requirement that the patentee provide a specific example for each embodiment. Percentage and additur are easily understood in the context of the patent.

### III. PROPOSED PROPER CONSTRUCTION

The specification explains that the invention will "add or subtract a predetermined calculation to the face amount of the draft or the account entry itself for the purpose of creating an excess payment. The amount of excess payment [is] called a rounder amount…" '849 Patent, Col. 11, lns. 23-27. The predetermined calculation may be a conventional rounder function, a percentage function or an additur. Thus, the appropriate construction of "rounder amount" is "the excess payment" created by the use of the predetermined calculation or the chosen numerical function. The "determinant" is not limited to a number, but is instead the predetermined calculation used to create the excess funds.

### IV. CONCLUSION

For the foregoing reasons, EPC respectfully requests the Court to reconsider this portion of its *Markman* Order.

**Statement Pursuant to Local Rule 3.01(g)**

Counsel for Plaintiff discussed the relief requested in this motion with counsel for Defendant, but the parties were unable to reach agreement.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day July, 2014, the undersigned filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

>Charles M. Harris
>Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis
>200 Central Avenue, Suite 1600
>St. Petersburg, Florida 33701.
>
>Stephen Gardner, Esq.
>E. Danielle T. Williams, Esq.
>Michael T. Morlock, Esq.
>Kilpatrick Townsend & Stockton LLP
>101 West Fourth Street
>Winston-Salem, NC  27101
>
>Frederick L. Whitmer, Esq.
>Kilpatrick, Townsend & Stockton, LLP
>1114 Avenue of the Americas
>The Grace Building
>New York NY 10036.

>　/s/ Frank R. Jakes
>Frank R. Jakes, FBN 372226
>Joseph J. Weissman, FBN 0041424
>JOHNSON, POPE, BOKOR,
>  RUPPEL & BURNS, LLP
>403 E. Madison Street, 4th Floor
>Tampa, FL  33602
>(813) 225-2500
>(813) 223-7118 (Fax)
>E-Mail:  frankj@jpfirm.com
>TRIAL COUNSEL FOR PLAINTIFF
>
>*Attorneys for Plaintiff*
>*Every Penny Counts, Inc.*

1877135