**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |  |
|---|---|---|
| **EVERY PENNY COUNTS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 8:11-cv-02826-SDM-TBM** |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| **f/k/a Wachovia Bank, N.A.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE TO**
**PLAINTIFF EVERY PENNY COUNTS, INC.'S MOTION FOR PARTIAL**
**RECONSIDERATION OF THE COURT'S *MARKMAN* ORDER (DKT 108)**

# **INTRODUCTION**

If EPC's motion meets the standards for reconsideration, then virtually all orders would be subject to reconsideration. EPC does not cite any intervening case law or new facts—indeed it does not cite a single 2014 case and has moved to file documents in EPC's possession since August 2013.[1] EPC asserts (without foundation) a "manifest injustice" but does so over four months after the Court issued its March 18, 2014 Claim Construction Order (Dkt. 96). Such a delay suggests a lack of manifest injustice, at a minimum.[2]

EPC's brief merely reiterates old arguments and presents new arguments that could easily have been incorporated into EPC's original claim construction briefing. It is well-settled that reconsideration is an extraordinary remedy that should be employed sparingly, and only after a litigant has set forth new evidence or law or demonstrated the need to correct clear error or manifest injustice. EPC's arguments, which merely express dissatisfaction with the Court's Claim Construction Order, fail to meet this high standard. EPC's Motion for Reconsideration should be denied for this reason alone.

---

[1] EPC thus had ample time to bring the documents to the Court's attention but failed to do so. EPC's neglect in this regard hardly constitutes proper grounds for reconsideration. *S.E.C. v. Kirkland*, 6:06-CV-183ORL28KRS, 2008 WL 918705, at *1 (M.D. Fla. Apr. 2, 2008) ("[T]he Eleventh Circuit has ruled that 'where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.'" "A district court does not abuse its discretion to deny reconsideration based on evidence that was available to the party, but the party failed to collect it or produce it.") (citing *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) and *Bernstein v. Boies, Schiller & Flexner LLP*, 236 Fed. App'x. 564, 571 (11th Cir. 2007)).

[2] *Freeman v. Gerber Prods. Co.*, 396 F. Supp. 2d 1260, 1261 (D. Kan. 2005) (denying a motion for reconsideration of the court's claim construction order after noting that the movant "should have moved for reconsideration of the court's claim construction order months ago if [the movant] genuinely believed reconsideration was warranted" in light of a Federal Circuit decision that issued three months before the motion for reconsideration was filed); *Precision Energy Servs., Inc. v. ThruBit, LLC*, CIV.A. H-11-4492, 2013 WL 5274445, at *1 (S.D. Tex. Sept. 18, 2013) (denying a motion for reconsideration after noting the plaintiff's five-month delay in seeking relief); *WesternGeco L.L.C. v. ION Geophysical Corp.*, 4:09-CV-1827, 2012 WL 567430, at *11 (S.D. Tex. Feb. 21, 2012) (denying a motion for reconsideration of the court's claim construction where the defendant waited fifteen months to bring the motion and merely argued that the court was mistaken).

EPC's argument ignores the plain language of the Court's constructions, attempts to use the specification of the patents to expand the scope of the claims beyond their plain meaning, and ignores the high burden required for showing that a patentee has elected to act as its own lexicographer (among other issues).  EPC says that the Court "cannot possibly be correct,"[3] but EPC violates nearly every rule of claim construction in arguing for its construction.[4]  The Court should deny EPC's Motion for Reconsideration.

## ARGUMENT

I.    **EPC's Motion Does Not Meet the Standard for Reconsideration and Should Be Denied for This Reason Alone.**

"Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'"[5]  A court need not exercise its discretion to reconsider unless the prior ruling was an abuse of discretion.[6]  The Middle District of Florida has held that "reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice."[7]  EPC makes no attempt to suggest that either of the first two grounds for reconsideration is present here—it cites no 2014 case and does not offer any

---

[3] Motion, Dkt. 108 at 1.

[4] *See, e.g.*, Def's Responsive Claim Construction Brief, Dkt. 64 at 1-4.

[5] *Crown Auto Dealerships v. Nissan North Am., Inc.*, No. 8:12-cv-1367-T-17TGW, 2014 WL 412757, at *1 (M.D. Fla. Feb. 3, 2014); *Voter Verified, Inc. v. Election Sys. & Software, Inc.*, No. 09-cv-1969, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011).

[6] *See Crown Auto*, 2014 WL 412757, at *1 (citing *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

[7] *Voter Verified, Inc. v. Election Sys. & Software, Inc.*, 6:09-CV-1969-ORL-19, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011) *aff'd sub nom., Voter Verified, Inc. v. Premier Election Solutions, Inc.*, 698 F.3d 1374 (Fed. Cir. 2012); *see also Iqbal v. Dep't of Justice,* 3:11-CV-369-J-37JBT, 2014 WL 169867, at *9 (M.D. Fla. Jan. 15, 2014); *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-CV-1195-J-12MCR, 2013 WL 5289095, at *2 (M.D. Fla. Sept. 19, 2013); *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (quoting *Degirmenci v. Sapphire–Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009) (quotation marks and citation omitted)); *Stalley v. ADS Alliance Data Sys., Inc.*, 296 F.R.D. 670, 687 (M.D. Fla. 2013); *Wi-Lan Inc. v. HTC Corp.*, 951 F. Supp. 2d 1291 (M.D. Fla. 2013).

evidence it has not had in hand since August 2013—and does not show any "clear error" or "manifest injustice." Indeed, EPC's delay of more than four months since the Court's order suggests a lack of manifest injustice. And EPC's arguments on the merits do not come close to showing clear error.

"A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time-an issue the Court has once determined."[8] Yet EPC's Motion does precisely that. EPC's brief simply rehashes the failed argument that determining a "rounder amount" should not be limited to operations that require rounding. This argument ignores the plain meaning of the word "rounder,"[9] the patent specification,[10] the prosecution history,[11] extrinsic evidence,[12] and EPC's own public statements about the patents-in-suit.[13] The Court already considered EPC's arguments and rejected them.

To the extent that EPC's motion presents new arguments, each one could have been presented in EPC's original brief. EPC plainly does not base its Motion for Reconsideration on any intervening change in the law, as the Motion cites no case decided after 2011. The Motion also cites no new facts.[14] Courts have found that "the failure to raise these arguments

---

[8] *Dunn-Fischer v. Dist. Sch. Bd. of Collier Cnty.*, 2:10-CV-512-FTM-29CM, 2014 WL 905468, at *1 (M.D. Fla. Mar. 6, 2014).

[9] *See, e.g.*, Def's Opening Claim Construction Brief, Dkt. 59 at 5-6.

[10] *See, e.g., id*. at 9-10.

[11] *See, e.g., id*. at 10-11.

[12] *See, e.g., id*. at 7-8.

[13] Ex. A, U.S. Provisional Patent Application No. 61/489,247 at 1 (May 23, 2011) (emphasis added) ("U.S. Pat. No. 7,571[,]849 describe[s] a savings method that ***rounds up*** checking and credit card transaction with ***the rounded amount*** being assigned to accounts for saving, investing, purchasing and/or giving. The '849 patent is a bank controlled rounder method service, i.e. Bank of America's 'Keep the Change' is a leading example of this method of ***rounding***.").

[14] EPC has filed a motion to file under seal certain confidential Wells Fargo documents, which EPC contends "support EPC [sic] proposed claim construction for 'rounder amount . . . .'" Dkt. 114 at 4. Neither document is remotely relevant to claim construction. Even if they were, however, they hardly constitute "new evidence." Wells Fargo produced the documents on August 24, 2013, over 200 days (nearly seven months) before the

during the claim construction briefing and argument does not fit within any of the permissible grounds for reconsideration."[15]   "The movant must show more than a disagreement with the Court's decision."[16]

EPC does not do so here.   Instead, EPC merely repackages arguments already considered and presents new arguments that it could have incorporated into its original briefing.[17]   This fails to meet the "heavy burden"[18] required to grant the "extraordinary remedy"[19] of reconsideration.   EPC should not be permitted to obtain a "do-over" of its earlier briefing simply because it is unhappy with the result.[20]   EPC's Motion for Reconsideration should be denied for this reason alone.[21]

---

Court issued it Order on Claim Construction.  EPC thus had ample time to bring the documents to the Court's attention but failed to do so.  EPC's neglect in this regard hardly constitutes proper grounds for reconsideration. *S.E.C.*, 2008 WL 918705, at *1 ("The United States Court of Appeals for the Eleventh Circuit has ruled that 'where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.'"  "A district court does not abuse its discretion to deny reconsideration based on evidence that was available to the party, but the party failed to collect it or produce it.") (citing *Mays*, 122 F.3d at 46 and *Bernstein*, 236 Fed. App'x. at 571).

[15] *TomTom, Inc. v. AOT Sys. GmbH*, 1:12CV528, 2014 WL 1513262, at *1 (E.D. Va. Apr. 15, 2014).

[16] *AstraZeneca Pharms. LP v. Handa Pharms., LLC*, CIV. A. 08-3773 JAP, 2011 WL 601612, at *2 (D. N.J. Feb. 17, 2011).

[17] Indeed, EPC's opening claim construction brief included only fourteen-and-a-half pages of argument, and its responsive brief contained only twelve-and-a-half pages of argument.  The page limits for these briefs were twenty-five pages and twenty pages, respectively.  Local Rule 3.01.  Thus with only nominal effort, EPC could have included **all** of the 12 pages of additional argument presented in its request for reconsideration in its original briefing but inexplicably failed to do.  *Schwade v. Total Plastics, Inc.*, 837 F. Supp. 2d 1255, 1271 (M.D. Fla. 2011) *aff'd sub nom.  Fla. Health Sciences Ctr., Inc. v. Total Plastics, Inc.*, 496 F. App'x 6 (11th Cir. 2012) (denying a motion for  reconsideration that the Court found to be longer and "more carefully crafted" than the movant's original briefing because a motion for reconsideration that "raises a new point without a reason for the previous omission should fail.").

[18] *AstraZeneca*, 2011 WL 601612, at *1 ("A Motion of Reconsideration places a heavy burden on the movant.").

[19] *Dunn-Fischer*, 2014 WL 905468, at *1 (M.D. Fla. Mar. 6, 2014).

[20] *Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146, 152 (E.D. La. 2012) (reconsideration "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.").

[21] Wells Fargo does not fully agree with the Court's constructions.  Wells Fargo maintains that the proper constructions for claim terms in the patents-in-suit are as argued in Wells Fargo's Claim Construction Briefing. Dkts. 59 & 64.  However, because Wells Fargo maintains that no proper grounds for reconsideration of the Court's order exist, Wells Fargo will not reiterate those arguments here.

## II.     EPC's Example and Argument in Section I of its Brief Ignores the Word "Excess" in the Court's Construction

The folly of EPC's Motion for Reconsideration is evident from the very first example given by EPC.   EPC argues that applying the Court's constructions to a hypothetical transaction of $10.20 with a "rounder transaction of rounding up to the nearest dollar," yields a "rounder amount" of $11.00.   However, EPC **completely ignores** the word "excess" in the Court's construction of the term "rounder amount."

The Court construed "rounder amount" as follows: "[t]he amount of _**excess**_ funds generated by, first, adding or subtracting the determinant to or from the transaction amount and by, second, subtracting from the sum or the difference the coin amount."[22]   In its example, EPC addresses the steps of "first, adding . . . the determinant to . . . the transaction amount and . . . second, subtracting from the sum . . . the coin amount."   However, EPC fails to give **any effect at all** to the word "excess" in the first part of the Court's construction.[23] The plain meaning of the term "excess funds" is the amount of funds over and above the amount due to the merchant.[24]   Thus, the presence of the word "excess" in the Court's construction plainly requires a third step of subtracting from the determined amount the original transaction amount.   When one does not ignore the word "excess" in the Court's construction as EPC has done, $10.20 is subtracted from $11.00, resulting in an _**excess**_ amount of $0.80, which is the correct "Rounder Amount."

---

[22] Claim Construction Order, Dkt. 96 at 19 (emphasis added).
[23] _See_ Motion, Dkt. 108 at 2-3.
[24] _See_ Ex. B, AMERICAN HERITAGE DICTIONARY 472 (2d ed. 1982) ("excess [1] The state of exceeding what is normal or sufficient. [2] An amount or quantity beyond what is normal or sufficient. superfluity [3] The amount or degree by which one quantity exceeds another remainder."); Ex. C, WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 432 (1988) ("excess … [1b] the amount or degree by which one thing or quantity exceeds another").

EPC's ignoring of the term "excess" likewise contradicts the patents' specification. For example, the specification of the '849 patent describes creating "excess funds" by "determ[ing] the excess difference between the purchase price of goods or services and the amount of payment rendered."[25]

Additionally, the Court of Appeals for the Federal Circuit has construed the term "excess cash" as used in another of EPC's patents as "what is left over after the merchant subtracts the price of the items the consumer wishes to buy from the cash the consumer tenders to complete the sale."[26]   Thus, contrary to EPC's argument, in a hypothetical transaction of $10.20 with a "rounder transaction of rounding up to the nearest dollar,"[27] applying the Court's construction will result in a rounder amount of excess funds of $0.80.

Although it is plain enough in the Court's original construction, the Court could easily make it explicit that the word "excess" in the Court's construction is not to be ignored. For example, the Court could modify the construction such that it reads as follows:  "[t]he amount of excess funds generated by, first, adding or subtracting the determinant to or from the transaction amount and by, second, subtracting from the sum or the difference the coin amount, and, third, subtracting the transaction amount from the result of the second step." However, such a modification is not necessary, as this third step is implicit in determining an "excess."[28]

---

[25] '849 patent, col. 2:65-3:2 ("In FIG. lA the excess funds are created at point of sale counters (POS) by the merchant/collectors (MC) who 'front end' process the subscriber/payor (SP) spending transactions to determine the excess difference between the purchase price of goods or services and the amount of payment rendered.").
[26] *Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1382 (Fed. Cir. 2009).
[27] Motion, Dkt. 108 at 2.
[28] To be clear, Wells Fargo maintains that the constructions it proposed in its original briefing (including for rounder amount) are the correct ones and should be adopted.  Wells Fargo is addressing here only the

III.    **Claim Language—Like "Rounder Amount," "Rounding Determinant," and "Rounder"—and the Specification Require Rounding**

A.    **The Term "Rounder" Requires Rounding**

Neither the specification nor the plain meaning of the term "rounder" allows for it to be defined to include something other than rounding.[29]   An "additur" embodiment is not disclosed in the specification.[30]   Nor is any embodiment that does not require rounding.[31]   Indeed, EPC made this exact same argument in its original briefing.[32]   The Court rejected it, finding that "additurs" are excluded from the scope of the claims.[33]

Wells Fargo explained at length in its original briefing that all of the evidence and all claim-construction rules show that the claims require rounding and exclude "additurs."   This includes the plain meaning of the word "rounder,"[34] the patent specification,[35] the prosecution history,[36] extrinsic evidence,[37] and EPC's own public statements about the patents-in-suit.[38]

---

reconsideration requested by EPC.  In other words, nothing in this brief should be construed as arguing for any construction besides that which Wells Fargo presented in its original briefing.

[29] *See, e.g.*, Def's Opening Claim Construction Brief, Dkt. 59 at 5-6 and 9-10.

[30] *See, e.g.*, Def's Responsive Claim Construction Brief, Dkt. 64 at 15-17.

[31] Def's Opening Claim Construction Brief, Dkt. 59 at 9-10.

[32] Pls.' Opening Claim Construction Brief, Dkt. 58 at 10 and Pls.' Responsive Claim Construction Brief, Dkt. 63 at 4-5 and 7.

[33] Claim Construction Order, Dkt. 96 at 14.

[34] *See, e.g.*, Def's Opening Claim Construction Brief, Dkt. 59 at 5-6.

[35] *See, e.g., id*. at 9-10.

[36] *See, e.g., id*. at 10-11.

[37] *See, e.g., id*. at 7-8.

[38] Ex. A, U.S. Provisional Patent Application No. 61/489,247 at 1 (May 23, 2011) (emphasis added) ("U.S. Pat. No. 7,571[,]849 describe[s] a savings method that ***rounds up*** checking and credit card transaction with ***the rounded amount*** being assigned to accounts for saving, investing, purchasing and/or giving.  The '849 patent is a bank controlled rounder method service, i.e. Bank of America's 'Keep the Change' is a leading example of this method of ***rounding***.").

There is no additur embodiment disclosed in the specification.  In its argument that an additur is disclosed, EPC again cites the '849 patent at col. 13, ll. 1-3 and col. 12, ll. 33-35.[39] EPC has already presented arguments regarding these sections of its patents.[40]  In its briefing Wells Fargo addressed all the reasons why these sections do not disclose an additur.[41]  Wells Fargo incorporates those arguments here rather than restating them.  Further, the Court addressed EPC's arguments in detail.[42]  EPC has shown nothing more than disagreement with the Court's decision, which does not meet the "heavy burden" for reconsideration.[43]

Moreover, even if an additur embodiment was disclosed in the specification (and it is not), as both the Supreme Court and the Federal Circuit have explained countless times over the last two centuries, "the claims, not the specification, provide the measure of the patentee's right to exclude."[44]  Indeed, the Supreme Court long ago made clear that "the courts have no right to enlarge a patent beyond the scope of its claim as allowed by the Patent Office, or the appellate tribunal to which contested applications are referred.  When the terms of a claim in a patent are clear and distinct (as they always should be), the patentee, in a suit brought upon the patent, is bound by it.  He can claim nothing beyond it."[45]  "[T]he claims

---

[39] Motion, Dkt. 108 at 3.
[40] Pls.' Responsive Claim Construction Brief, Dkt. 63 at 4-5. EPC cites to an identical passage in the '217 patent in its original briefing.
[41] *See, e.g.*, Def's Responsive Claim Construction Brief, Dkt. 64 at 15-17.
[42] Claim Construction Order, Dkt. 96, at 3-5.
[43] *AstraZeneca*, 2011 WL 601612, at *2 ("A Motion of Reconsideration places a heavy burden on the movant.").
[44] *Johnson & Johnston Assocs. v. R.E. Serv. Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002); s*ee also, e.g., Cont'l Paper Bag Co. v. E. Paper Bag Co.*, 210 U.S. 405, 419 (1908) ("The invention, of course, must be described and the mode of putting it to practical use [disclosed], but the claims measure the invention.); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) ("It is a 'bedrock principle' of patent law that "the claims of a patent define the invention to which the patentee is entitled the right to exclude.").
[45] *Keystone Bridge Co. v. Phoenix Iron Co.*, 95 U.S. 274 (1877); *see also White v. Dunbar*, 119 U.S. 47 (1886) ("The context [written description of the specification] may, undoubtedly, be resorted to, and often is resorted to, for the purpose of better understanding the meaning of the claim; but not for the purpose of changing it, and

measure the invention. They may be explained and illustrated by the description.   They cannot be enlarged by it."[46]   It is improper "to read the specifications, which taken in their entirety are merely descriptive or illustrative of [the] invention as though they were claims whose function is to exclude from the patent all that is not specifically claimed."[47]

Thus, even if the specification discloses non-rounding means for generating an excess payment (which it does not), the Court properly held that the language "generating a *rounder amount based on* the transaction amount *and* the determinant" limits the scope of the claims to what EPC calls "conventional rounding."[48]   Wells Fargo explained at length why this is so in its original briefing, to which it respectfully refers the Court rather than repeating all of those arguments here.[49]

**B.      EPC's Argument that the Phrase "Based On" is Not Limiting Ignores That "Based On" is Used in the Claims and Violates Multiple Rules of Claim Construction**

EPC argues that "the phrase 'generating a rounder amount based on the transaction amount and the determinant' cannot properly be read to require that every generation of any rounder amount be dependent on both 'the transaction amount and the determinant'

---

making it different from what it is. The claim is a statutory requirement, prescribed for the very purpose of making the patentee define precisely what his invention is; and it is unjust to the public, as well as an evasion of the law, to construe it in a manner different from the plain import of its terms. This has been so often expressed in the opinions of this court that it is unnecessary to pursue the subject further.").

[46] *Cont'l Paper*, 210 U.S. at 419; *Johnson & Johnson*, 285 F.3d at 1052 (*en banc*) ("Consistent with its scope definition and notice functions, the claim requirement presupposes that a patent applicant defines his invention in the claims, not in the specification.").

[47] *Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 23 (1943) (internal citations omitted); *Elekta Instrument S.A. v. O.U.R. Scientific Intern., Inc.*, 214 F.3d 1302, 1308 (Fed. Cir. 2000) ("the unambiguous language of the amended claim controls over any contradictory language in the written description"); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 525 F.3d 1200, 1213–16 (Fed. Cir. 2008) (construing claims to exclude *all* disclosed embodiments where the claim language was unambiguous).

[48] Claim Construction Order, Dkt. 96, p. 14.

[49] *See, e.g.*, Def's Opening Claim Construction Brief, Dkt 59 at 4-14, Def's Responsive Claim Construction Brief, Dkt. 64 at 5-11.

separately as opposed to 'the transaction amount and the determinant' collectively."[50]  EPC's argument is wholly contrary to the common usage of the words "based on" and "and." Although these are hardly terms that should require construction, courts have repeatedly interpreted both the terms "based on"[51] and "and"[52] in the same manner as this Court. Indeed, the plain meaning of the word "and" requires consideration of the two things connected by "and."[53]  Thus, as the Court found, an "additur, to which the rounder amount is equal, is not 'based on' the transaction amount because the additur and the rounder amount remain constant despite a change in the transaction amount."[54]

Further, EPC bases its argument on its statement that the specification discloses that "the amount of excess funds (the Rounder Amount) is produced by applying the determinant (or rounder transaction) to the face amount (or entry)."[55]  The Court should discount this

---

[50] Motion, Dkt. 108 at p. 5.

[51] *Geospan Corp. v. Pictometry Int'l Corp.*, No. 08-816-ADM/JSM, 2011 WL 1261583, at *3-4 (D. Minn. Mar. 31, 2011) (finding "[t]he claim clearly states that the location of the object is determined 'based upon a location of the object in each of those recorded images and the associated spatial positions and orientations of the video cameras ....' "The claim language requires that the location of an object be determined 'based upon' both the object's location in multiple images and the position of the cameras producing the images."), aff'd, 469 F. App'x 913 (Fed. Cir. 2012).

[52] *N. Telecom Ltd. v. Samsung Elecs. Co., Ltd.,* 215 F.3d 1281, 1291–92 (Fed. Cir. 2000) (claim limitation "A process for gaseous etching of aluminum and aluminum oxide" required that the process etch both pure aluminum and aluminum oxide.); *TIP Systems, LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1375–76, (Fed. Cir. 2008) (in a claim directed to a phone for a prison, affirming district court's construction of the limitation "said dial tone actuating switch electronically connected to said phone line and said electronic circuit" as requiring that the that switch be connected to between the phone line and the circuit and rejecting patentee's proposed construction that the switch did not have to be between the components as long as electricity could pass between all three components since the district court's construction was consistent with the specification.); *Light Guard Sys., Inc. v. Spot Devices, Inc.*, No. 3:10-737-LEH-RAM, 2012 WL 2131943, at *7 (D. Nev. June 12, 2012) (for claims directed to a pedestrian cross walk signal, ruling that claim limitation reciting "dynamically compensate for poor visibility and night operating conditions" had to be construed to require compensation for both conditions.).

[53] *See* Ex. B, AMERICAN HERITAGE DICTIONARY 108 (2d ed. 1982) ("and [1] Together with or along with; also, in addition; as well as ...."); Ex. C, WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 84 (1988) ("and [1] used as a function word to indicate connection or addition esp. of items within the same class or type ...").

[54] Claim Construction Order, Dkt. 96, at 4.

[55] Motion, Dkt. 108 at 5-6.

argument.  ***First***, EPC provides no citation to the specification for this language.[56]  Nor could it, as this text does not appear in the specification.  ***Second***, as addressed in detail above, and in Wells Fargo's original briefing,[57] it is the claims and not the embodiments described in the specification that define the scope of the invention.[58]  ***Third***, EPC attempts to read the words "the transaction amount and" out of the claim.  It is a fundamental principle of claim construction that courts must "construe claims with an eye toward giving effect to all of their terms."[59]  Here the claim recites that the rounder amount is generated "***based on*** the transaction amount ***and*** the determinant."  A construction that does not require that the rounder amount be dependent on both is plainly wrong.

### C.    There are Multiple Ways to Draft the Claim to Include Rounding, an Additur, and a Percentage

EPC argues that there was a "lack of reasonably available alternate claim language to make this clearly intended result more clear."[60]  This is plainly incorrect.  Other language would have permitted the claim to cover the three functions "conventional rounding, percentage and additur."  For example, EPC could have formulated the "generating" step in any of the following ways (or similar ways):

---

[56] *See* Motion, Dkt. 108 at 5-6.

[57] *See, e.g.,* Def's Opening Claim Construction Brief, Dkt 59 at 3-5, Def's Responsive Claim Construction Brief, Dkt. 64 at 1-4.

[58] *Marconi*, 320 U.S. at 23 (internal citations omitted); *Elekta*, 214 F.3d at 1308 ("the unambiguous language of the amended claim controls over any contradictory language in the written description"); *see also Lucent,* 525 F.3d at 1213–16 (construing claims to exclude *all* disclosed embodiments where the claim language was unambiguous).

[59] *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 781 (Fed. Cir. 2010) (the "notice function would be undermined, however, if courts construed claims so as to render physical structures and characteristics specifically described in those claims superfluous."); *see also Merck & Co. v. Teva Pharms. USA, Inc.*, 395 F.3d 1364, 1372 (Fed. Cir. 2005) ("A claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so."); *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention[.]").

[60] Motion, Dkt. 108 at 6.

1. generating an excess amount based on the transaction amount and the determinant by at least one of:  (a) rounding the transaction amount to the determinant;  (b) multiplying the transaction amount by the determinant, wherein the determinant is a percentage; and (c) adding the determinant to the transaction amount;

2. generating an excess amount based on the transaction amount by (a) rounding the transaction amount; (b) determining a percentage of the transaction amount; or (c) applying an additur to the transaction amount;

3. generating an excess amount by (a) rounding the transaction amount; (b) determining a percentage of the transaction amount; or (c) applying an additur to the transaction amount.

Many more options are available.  EPC employed none of them.  Claims are to be interpreted based on how they are written, not how they could have been written.[61]  To do otherwise would be at odds with public notice function of claims.[62]  Thus, even if EPC

---

[61] *Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.*, 344 F.3d 1186, 1194 (Fed. Cir. 2003) (refusing to read into claim a limitation described in the preferred embodiment to save claim from being anticipated because nothing in the plain language required limiting the claim and rejecting inventor's testimony that it had intended to draft the claim to be so limited; *Miken Composites, L.L.C. v. Wilson Sporting Goods Co*., 515 F.3d 1331, 1337 (Fed. Cir. 2008) ("The issue would have been different if the claims contained the language argued in Wilson's briefs; to wit, 'internal structural member,' or 'multi-wall product,' but they do not. It is the language of the claims not the argument that governs."); *Pass & Seymour, Inc. v. Int'l. Trade Comm'n.*, 617 F.3d 1319, 1323–24 (Fed. Cir. 2010) (for claims directed to a ground fault interrupter wiring device and reciting the limitation "wherein both of said pair of contacts are in spaced, circuit-breaking relation to said pair of terminals," affirming Commission's construction that each of the two contacts had to be moved to the "spaced" configuration and that moving only one of the contacts did not meet the claim even if it resulted in a circuit-breaking relation, the court noting the inventor could have claimed that "at least one of" the contacts was moved but had not, and therefore since it used the word "both" in the claims, the plain meaning of the claim required that each of the contacts be moved.).

[62] *Predicate Logic, Inc. v. Distributive Software, Inc*., 544 F.3d 1298, 1300 (Fed. Cir. 2008) ("Careful and straightforward claim drafting by prosecuting attorneys and agents, and rigorous application by examiners of the statutory standard to particularly point out and distinctly claim the subject matter regarded to be the invention, serve an important public notice function."); *Abbott Labs. v. Sandoz, Inc*., 566 F.3d 1282, 1286 (Fed.

intended for the claims of the '849 patent to cover all three functions, the Court properly held that they do not.

### D.     The Entire Transaction Amount is Considered in Determining the Rounder Amount

EPC goes on to argue that in a conventional rounding function, "the entire transaction amount is not actually in fact considered.  All that is considered is the 'coin amount' (or amount of cents) that is deducted from the whole dollar amount, $1.00, $5.00, $10.00, etc. to create the 'rounder amount.'"[63]

This argument is clearly incorrect.  For example, if the whole dollar amount were $5.00 and the transaction amount were $2.26, the rounder amount plainly takes into account the entire transaction amount.  In this example, if only the coin amount were considered, then $0.26 would be subtracted from $5.00 providing a rounder amount of $4.74.  However, the actual amount required to round up to the nearest $5.00 is $2.74.  Of course, the transaction amount ($2.26) must be considered.

EPC follows this example further, arguing "[i]f the claims only covered conventional rounding – as the Court concludes – the claims would read 'generating a rounder amount based on the transaction amount and the coin amount.'"[64]  This formulation, however, is plainly incorrect.  *First*, the transaction amount includes the coin amount (e.g., the transaction amount $2.26 includes the coin amount $0.26), so having a claim that recites

---

Cir. 2009) (affirming construction of claim reciting "Crystalline … which is obtainable by" "acidifying a solution …" or "dissolving …," i.e. a recited process step, as being product-by-process claims and rejecting the argument that because the claim recited "obtainable by" and not "obtained by" the recited process steps were optional, the court noting that the public notice of the claims would not be served if the patentee's contention was accepted).

[63] Motion, Dkt. 108 at 8.

[64] Motion, Dkt. 108 at 8.

"transaction amount and the coin amount" would have a redundant and unnecessary recitation.  **Second**, the claim refers to "**rounder**" amount, which tells the reader that one is engaging in rounding.  This, among other things (like every example in the patent), indicates that the claims only cover rounding.  This is explained in detail in Wells Fargo's original briefing.[65]  **Third**, under EPC's proposed formulation, the determinant is not used at all. This is plainly incorrect, as it would make a word used in the claim meaningless.  The Federal Circuit holds: it is a "well-established rule that 'claims are interpreted with an eye towards giving effect to all terms in the claim.'"[66]

EPC next argues that "where the transaction amount includes no cents (the coin amount is zero), the transaction amount is not really used at all; the resulting 'rounder amount' equals the determinant."[67]  That the rounder amount equals the determinant does not show that the rounder amount is not "based on the transaction amount and the determinant" as is required by the claims.  **First**, contrary to EPC's suggestion, the Court's construction of "rounder amount" explicitly requires consideration of the transaction amount.[68]  **Second**, as explained above, the transaction amount includes the coin amount.  Thus, even if the only operation were, as EPC suggests incorrectly, determining that the coin amount of the transaction amount is zero – the transaction amount is necessarily considered.

---

[65] *See, e.g.*, Def's Opening Claim Construction Brief, Dkt 59 at 4-14, Def's Responsive Claim Construction Brief, Dkt. 64 at 5-11.

[66] *Digital-Vending Servs. Int'l., LLC v. Univ. of Phoenix*, 672 F.3d 1270, 1275 (Fed. Cir. 2012) (quoting *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006)).

[67] Motion, Dkt. 108 at 8.

[68] Claim Construction Order, Dkt. 96 at 19 (emphasis added) ("The amount of excess funds generated by, first, adding or subtracting the determinant to or from ***the transaction amount*** and by, second, subtracting from the sum or the difference the coin amount").

### E.        The Patent Falls Far Short of the Standard for Lexicography

EPC argues that the patentee made an "express or implicit definition" of rounder amount in the specification.[69]   However, EPC has already argued the patentee acted as its own lexicographer in its original briefing.   The Court properly rejected these arguments because it found that "the patent's passing mention of a percentage is too inconspicuous and insufficiently declaratory" to redefine the terms "rounder transaction and rounder amount" to not require rounding.[70]

Wells Fargo explained in detail why EPC did not meet the strict requirements of lexicography in its original briefing.   Wells Fargo respectfully refers the Court to that briefing rather than repeating it here.[71]   EPC presents no new arguments now that should change the Court's conclusion.   Instead, EPC again ignores the very high burden a patentee must reach to establish lexicography.   "To act as its own lexicographer, a patentee must 'clearly set forth a definition of the disputed claim term' other than its plain and ordinary meaning."[72]

EPC cites a pre-*Phillips*[73] case, *Bell Atlantic Network Services, Inc. v. Covad Communications Group, Inc.*,[74] for the proposition that lexicography may be "by implication."[75]   However, *Bell Atlantic* found that "the patentees defined the term 'mode' by

---

[69] Motion, Dkt. 108 at 9.
[70] Claim Construction Order, Dkt. 96 at 6.
[71] *See, e.g.*, Def's Opening Claim Construction Brief, Dkt 59 at 4-14, Def's Responsive Claim Construction Brief, Dkt. 64 at 5-11.
[72] *Thorner v. Sony Computer Entm't Am.*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (citation omitted); *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1330 (Fed. Cir. 2012) ("To act as its own lexicographer, a patentee must 'clearly set forth a definition of the disputed claim term' other than its plain and ordinary meaning.").
[73] *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).
[74] 262 F.3d 1258 (Fed. Cir. 2001).
[75] Motion, Dkt. 108 pp. 8-9.

implication, through the term's **consistent** use throughout the [] patent specification."[76]

**First**, as discussed above, there is no additur embodiment disclosed in the specification.[77]

**Second**, even if an additur embodiment was disclosed in the specification (and it is not), it certainly is not discussed in the "consistent" way that would be required to overcome the "heavy presumption" that a claim term has its ordinary and customary meaning.[78]  Indeed, as this Court stated, the patents-in-suit are "vexingly composed,"[79] "awkwardly drafted,"[80] "drafted so poorly that the terms are nearly impossible to understand,"[81] "lack[] definition for many terms that are confusingly similar,"[82] "infested with scrivener's (and other) errors,"[83] and include a "disconcerting combination of an inadequate or confusing definition for some terms and entire lack of definition for other terms [that] creates an inadequately differentiated mass of similar, specialized terms [that] easily suffices to defeat the patentee's attempt to counter-intuitively define rounding."[84]  As such, they plainly lack the kind of "'clear[] express[ion of] an intent' to redefine"[85] the terms "rounder" and "rounding" required to establish lexicography.[86]

---

[76] *Bell Atlantic*, 262 F.3d at 1273 (emphasis added).
[77] *See, e.g.*, Def's Responsive Claim Construction Brief, Dkt. 64 at 15-17.
[78] *See, e.g., Epistar Corp. v. ITC*, 566 F.3d 1321, 1334 (Fed. Cir. 2009).
[79] Order Denying Summary Judgment of Invalidity Under 35 U.S.C. § 112, Dkt. 95 at 10.
[80] Order Denying Summary Judgment of Invalidity Under 35 U.S.C. § 112, Dkt. 95 at 10.
[81] Claim Construction Order, Dkt. 96 at 5.
[82] Claim Construction Order, Dkt. 96 at 5.
[83] Order Denying Summary Judgment of Invalidity Under 35 U.S.C. § 112, Dkt. 95 at 7.
[84] Claim Construction Order, Dkt. 96 at 6.
[85] *Thorner*, 669 F.3d at 1365-66 (quoting *Helmsderfer v. Bobrick Washroom Equip., Inc.*, 527 F.3d 1379, 1381 (Fed. Cir. 2008)).
[86] *See Aventis*, 675 F.3d at 1330.

IV.     **EPC's Argument Regarding the Preferred Embodiment Discussing a
        Conventional Rounder Function Fails for Multiple Reasons**

EPC next argues that the definition of "rounder amount" found at column 13, lines 8-11 of the '849 patent is applicable only to the preferred embodiment.  EPC's purpose in presenting this argument is another attempt to establish that patentee used lexicography to redefine the term "rounder amount" to mean any "excess payment," an argument that the Court has already considered at length and rejected.[87]  EPC's arguments for why the Court should revisit its conclusion fail for multiple reasons.

*First*, EPC again fails to acknowledge that in order to act as a lexicographer, the patentee must (1) overcome a heavy presumption against lexicography and (2) prove that the patentee "clearly express[ed] an intent" to redefine the term" in the specification.[88]  EPC does not show any such clear expression of intent.  As the Court found, "the patent's disconcerting combination of an inadequate or confusing definition for some terms and entire lack of definition for other terms creates an inadequately differentiated mass of similar, specialized terms and easily suffices to defeat the patentee's attempt to counter-intuitively define rounding."[89]  Such a poorly constructed statement in the specification cannot overcome the "heavy presumption" that a claim term has its ordinary and customary meaning.[90]  Indeed, a clear expression of intent to redefine a term can be provided only through clear and unambiguous statements in the specification like: (a) "'Multiple embossed' *means* two or more embossing patterns are superimposed on the web" or (b) "[t]he

---

[87] Claim Construction Order, Dkt. 96 at 8-14.
[88] *Thorner*, 669 F.3d at 1365-66 (quoting *Helmsderfer*, 527 F.3d at 1381).
[89] Claim Construction Order, Dkt. 96 at 6.
[90] *See, e.g., Epistar Corp. v. ITC*, 566 F.3d at 1334.

solubilizers suitable according to the invention *are defined* below."[91]  No such statements are present here.

    ***Second***, EPC's argument is premised on the flawed logic that the statement "in a preferred embodiment" in the definition of rounder transaction, which is several sentences away from the definition of "rounder amount," should limit the effect of the definition of rounder amount.  Wells Fargo addressed this argument in its original briefing, to which it respectfully refers the Court rather than repeating each argument here.[92]  Further, as shown by the highlighted portions of column 13, lines 1-11 of the '849 patent below, the statement "in a preferred embodiment" is not even arguably connected to the definition of "rounder amount."

> The rounder transaction is the numerical function applied against the face amount or the entry itself, i.e., $1.00, $3.00, 2%, or a specific number $1.50 to create excess funds. In the preferred embodiment this will be a whole dollar amount such as $1.00, $5.00, $10.00, etc. added to the entry.
>
> The coin amount is the presence of coins in the face amount, i.e. check for $10.14.
>
> The rounder amount is the amount of excess funds produced by applying the rounder transaction to the entry minus the coin amount, i.e. $10.14 using a $1.00 rounder will produce $0.86 as the rounder amount of excess funds.

    EPC attempts to support its position by arguing that the definition given for the term "coin amount" must be limited to the preferred embodiment of "conventional rounding" because "[n]o separate consideration of the 'coin amount' could be necessary when the

---

[91] *Thorner*, 669 F.3d at 1365-66 (citations omitted) (emphasis added).
[92] *See, e.g.*, Def's Opening Claim Construction Brief, Dkt. 59 at 4-14; Claim Construction Order, Dkt. 96 at 5-11.

function involves additur or percentage."[93]   This ignores that the Court stated "[i]f the 'narrow' definition of rounder amount is limited to one embodiment, as EPC argues, the definition is the only definition in a list of five definitions that applies exclusively to one embodiment."[94]   EPC does not even attempt to address these other definitions, except to say that there is no requirement to repeat that each sentence relates to the preferred embodiment. This ignores that, as the Court found, other passages in the patent demonstrate an intent to "qualify portions of the patent by employing words that establish the limitation."[95]   The sentence cited by EPC does not show such an intent and "utterly fails to limit the subsequent definitions to the preferred embodiment."[96]   Further, the patent includes no alternative definition for "coin amount."   No other definition is necessary, because as with "rounder amount," this definition is global and not limited to the preferred embodiment.

   *Third*, EPC argues that the Court has disregarded the specification's descriptions of other embodiments in favor of the preferred embodiment.  As stated above, both the Supreme Court and the Federal Circuit made clear that "the claims, not the specification, provide the measure of the patentee's right to exclude."[97]   Regardless of what embodiments may or may not be described in the specification, EPC claimed a method requiring generating a "rounder

---

[93] Motion, Dkt. 108 at 10.
[94] Claim Construction Order, Dkt. 96 at 11.
[95] Claim Construction Order, Dkt. 96 at 10.
[96] Claim Construction Order, Dkt. 96 at 11.
[97] *Johnson & Johnson*, 285 F.3d at 1052; *see also, e.g.*, *Cont'l Paper*, 210 U.S. at 419 ("The invention, of course, must be described and the mode of putting it to practical use [disclosed], but the claims measure the invention.); *Phillips*, 415 F.3d at 1312 ("It is a 'bedrock principle' of patent law that "the claims of a patent define the invention to which the patentee is entitled the right to exclude.").

amount."  For all the reasons presented in Wells Fargo's earlier briefing, and the Court's *Markman* Order, the plain meaning of this phrase requires rounding.[98]

**Fourth**, EPC argues that the two paragraphs in the specification of the '849 patent at col. 11, ll. 24-38 provide a "general definition" of rounder amount that should control.[99]  The Court already considered this argument in detail.  The Court found, correctly, that this "broad definition" (1) "fails to clearly express an intent to re-define 'rounder amount,'"[100] and (2) "fails for lack of precision."[101]  Indeed, as the Court noted, "[e]ven EPC acknowledges that the rounder amount is not any amount of excess payment."[102]  Further, Wells Fargo addressed this argument in its original briefing, to which it respectfully refers the Court rather than repeating each argument here.[103]

**Finally**, "[a] motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time-an issue the Court has once determined."[104]

## CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court deny EPC's Motion for Reconsideration.

Respectfully submitted this the 11th day of August, 2014.

---

[98] *See, e.g.*, Def's Opening Claim Construction Brief, Dkt. 59 at 5-6; Claim Construction Order, Dkt. 96 at 1-14.
[99] The cited portions of these paragraphs read as follows: "Under the provisions of the invention Level 3 AM will now also add or subtract a predetermined calculation to the face amount of the draft or the account entry itself for the purpose of creating an excess payment. The amount of excess payment called a rounder amount is then added to the face amount of the draft . . . . The rounder system embodiment of the invention creates excess funds from exact payments and without the cooperation or even awareness of the payee who accepts payments for the purchase of services or goods."
[100] Claim Construction Order, Dkt. 96 at 12.
[101] Claim Construction Order, Dkt. 96 at 13.
[102] Claim Construction Order, Dkt. 96 at 14.
[103] *See, e.g.*, Def's Opening Claim Construction Brief, Dkt 59 at 4-14, Def's Responsive Claim Construction Brief, Dkt. 64 at 5-11.
[104] *Dunn-Fischer*, 2014 WL 905468, at *1.

/s/ *Michael T. Morlock*

Steven Gardner (*pro hac vice*)

Michael T. Morlock (*pro hac vice*)
Caroline K. Wray (*pro hac vice*)
Kilpatrick Townsend & Stockton LLP
1001 West Fourth St.
Winston-Salem, NC 27101
(336) 607-7300 (Telephone)
(336) 607-7500 (Facsimile)
SGardner@kilpatricktownsend.com
MMorlock@kilpatricktownsend.com
CWray@kilpatricktownsend.com

Frederick L. Whitmer (*pro hac vice*)
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
(212) 775-8700 (Telephone)
(212) 775-8800 (Facsimile)
FWhitmer@kilpatricktownsend.com

*and*

Charles M. Harris (FBN 0967459)
**Trial Counsel**
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill
& Mullis
101 East Kennedy Blvd
Suite 2700
P.O. Box 1102
Tampa, FL 33602
(813) 223-7474 (Telephone)
(813) 229-6553 (Facsimile)
charris@trenam.com

*Attorneys for Defendant*
*WELLS FARGO BANK, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2014, the foregoing document was served via ECF

on the following counsel of record:

> Frank R. Jakes
> Joseph J. Weissman
> **JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP**
> 403 E. Madison Street
> Tampa, FL 33602
> frankj@jpfirm.com
> josephw@jpfirm.com

> /s/ *Michael T. Morlock*_____
> Michael T. Morlock (*pro hac vice*)