# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **EVERY PENNY COUNTS, INC.,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    **Case No. 8:11-cv-02826-SDM-TBM** <br> ) |
| **WELLS FARGO BANK, N.A.,** <br> f/k/a Wachovia Bank, N.A., | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

### DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFF'S CONSENTED AND RENEWED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL (DKT 114)

Plaintiff Every Penny Counts, Inc. ("EPC") seeks to file under seal two documents[1] produced by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and designated HIGHLY CONFIDENTIAL.[2] Wells Fargo does not oppose the relief sought by EPC's Motion (filing under seal). The documents are indeed highly confidential, and it is proper for them to be filed under seal.

---

[1] The documents are identified by Bates numbers WF00008455-56 and WF0004708-09 (collectively "the documents").

[2] The parties entered into a Stipulated Confidentiality Agreement and Protective Order that permits each party to designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." (Dkt. 50, at ¶ 5). The Protective Order provides that any party wishing to file information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by another party "shall take reasonable steps to ensure that such information is impounded, kept under seal, and not available to the public." (*Id*. at ¶ 19).

After EPC's first motion to seal was denied because it did not comply with the local rules,[3] EPC asked Wells Fargo to file the documents under seal itself.[4] Wells Fargo explained that the protective order requires a "party [who] wishes to file Confidential Information with the Court [to] take reasonable steps to ensure that such information is … kept under seal …."[5]

Wells Fargo also explained that the documents should be filed under seal because each "contains Well Fargo's confidential analyses of potential products."[6] Of course, a company's analysis of potential products to offer is a classic example of business information that a company maintains as confidential and that, if disclosed to competitors or vendors, could cause harm to the company.[7]

EPC then filed its motion, stating that it "is unaware of and cannot articulate any justification for the seal other than Wells Fargo's unexplained contention of confidentiality"[8] and that "EPC does not believe that these documents are 'confidential,' let alone 'highly confidential' as designated by Wells Fargo."[9]

Had EPC requested a more detailed explanation of why the documents are properly designated as HIGHLY CONFIDENTIAL, Wells Fargo would have provided such an

---

[3] Order Denying Motion to Seal, Dkt. 112.
[4] Ex. A, email Jakes to Gardner, Harris, and Morlock, 7/29/2014.
[5] Ex. B, email Wray to Jakes, 7/30/2014.
[6] *Id.*
[7] *See, e.g., Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (holding that the district court abused its discretion in refusing to seal the parties' financial analyses related to specific products); *Joao Bock Transaction Systems, LLC v. Fidelity Nat'l Info. Servs., Inc.,* No. 13-223, 2014 WL 279656, *1 (M.D. Fla. Jan. 24, 2014) (granting motion to seal documents containing, *inter alia*, confidential information regarding "the design, development, and security of the accused banking software products."); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 10-978, 2011 WL 5357843 *3 (M.D. Fla. Nov. 1, 2011) (granting a motion to seal a detailed comparison of product parts produced for evaluation purposes).
[8] EPC's Consented and Renewed Motion to Seal, Dkt. 114 at 6.
[9] *Id.* at 4.

explanation, even though the confidential nature of the documents is apparent on the face of the documents. Wells Fargo attaches hereto the declaration of Jeanine Tabaczynski, a Senior Vice President of Wells Fargo, which describes the highly confidential nature of the documents.[10]

## DISCUSSION

In the Eleventh Circuit, the right of access to materials filed in connection with a pretrial motion "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"[11] Factors for the Court to consider in determining whether sealing is warranted include: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."[12] "Courts in this district have granted motions to seal in patent infringement cases where the information sought to be protected was designated 'confidential' by agreement of the parties and where public access to the documents could violate the parties' privacy or proprietary interests."[13]

---

[10] Ex. C, Tabaczynski Declaration.
[11] *Arthrex, Inc. v. Parcus Med., LLC*, No. 11-694, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014) (quoting *Romero v. Drummond Co.,* 480 F.3d 1234, 1246 (11th Cir. 2007)).
[12] *Id.* (quoting *Romero*, 480 F.3d at 1246).
[13] *Id.* (citing *NXP B.V. v. Research In Motion, Ltd.,* No. 12–498, 2013 WL 4402833, *2 (M.D. Fla. Aug. 15, 2013)).

Here, EPC seeks to file with the Court two documents containing Wells Fargo's highly-confidential, comparative analyses of potential disciplined-savings products.[14] The documents include Wells Fargo's internal profitability analyses of the products, as well as Wells Fargo's assessment of the strengths of each program and the potential costs associated with their implementation.[15]

Wells Fargo's interest in maintaining the confidentiality of these documents far outweighs the public's interest in access to them. Although the documents were created in approximately 2007, before Wells Fargo launched the accused products, the documents relate to products related to those offered by Wells Fargo and many of its competitors today.[16] Wells Fargo devoted significant resources to analyzing the products, and disclosure of Wells Fargo's strategic analysis would harm Wells Fargo's position relative to its competitors and vendors, thereby harming Wells Fargo's proprietary interest.[17] By contrast, the public has little (if any) interest in the documents, as this case does not involve public officials or concerns. Additionally, sealing the documents would not impair judicial functions, and EPC has not identified any less onerous alternative to sealing the documents. Good cause to seal is present.

## CONCLUSION

For the foregoing reasons, the Court should grant the Unopposed Motion to File Under Seal.

Respectfully submitted this the 25th day of August, 2014.

---

[14] Ex. C, Tabaczynski Declaration at ¶¶ 6-7.
[15] *Id.* at ¶ 6.
[16] *Id.*
[17] *Id.* at ¶ 8.

/s/ *Steven Gardner*

Steven Gardner (*pro hac vice*)
Michael T. Morlock (*pro hac vice*)
Caroline K. Wray (*pro hac vice*)
Kilpatrick Townsend & Stockton LLP
1001 West Fourth St.
Winston-Salem, NC 27101
(336) 607-7300 (Telephone)
(336) 607-7500 (Facsimile)
SGardner@kilpatricktownsend.com
MMorlock@kilpatricktownsend.com
CWray@kilpatricktownsend.com

Frederick L. Whitmer (*pro hac vice*)
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
(212) 775-8700 (Telephone)
(212) 775-8800 (Facsimile)
FWhitmer@kilpatricktownsend.com

*and*

Charles M. Harris (FBN 0967459)
**Trial Counsel**
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis
101 East Kennedy Blvd
Suite 2700
P.O. Box 1102
Tampa, FL 33602
(813) 223-7474 (Telephone)
(813) 229-6553 (Facsimile)
charris@trenam.com

*Attorneys for Defendant*
*WELLS FARGO BANK, N.A.*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on August 25, 2014, the foregoing document was served via ECF on the following counsel of record:

> Frank R. Jakes
> Joseph J. Weissman
> **JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP**
> 403 E. Madison Street
> Tampa, FL 33602
> frankj@jpfirm.com
> josephw@jpfirm.com

                                            /s/ *Steven Gardner*
                                            Steven Gardner (*pro hac vice*)